36414. LOWELL et al. v. BOUCHILLON et al.

MARSHALL, Justice.

The two appellant sisters, together with a third sister (the wife of the appellee-executor of the will of the sisters' father), are the specific devisees of the family home place. After the failure of an attempted agreement among the three sisters for the land to be appraised and sold and the proceeds divided among them, the executor began proceedings to sell the land, apparently based upon the authority and power conferred by Item 8 of the will, "to sell any part of my estate at public or private sale, with or without notice as he may deem best and without any order of any court."

The appellants filed a petition in probate court, alleging the appellee-executor's mismanagement of the estate and unfitness, and praying that he be removed as executor, that they be appointed co-administratrices de bonis non with will annexed, that an accounting be made, and that the appellee be required to post bond.

Pending this action, the appellants filed a petition in superior court seeking a temporary restraining order against the sale of the devised land, and filed a lis pendens. After the t.r.o. was denied, the appellants amended their superior court petition to incorporate their probate court allegations. They then filed in probate court an affidavit of claim to the land offered for sale, pursuant to Code § 113-1801, which was transferred to superior court.

The appellee filed motions to dismiss the affidavit of claim and the superior court petition. Pending a ruling on these motions, the superior court petition was amended a second time, adding prayers substantially identical to those in the probate court action, plus prayers for an interlocutory injunction and an order directing the appellee to convey the land to the appellants. The motions to dismiss were granted, and, after a hearing on the probate court petition and during the pendency of that action, the appellants filed in this court simultaneously a notice of appeal from the order of dismissal and a "motion for new trial" or for an injunction pending appeal.

In a brief filed pursuant to an extension of time granted by this court, it is shown that, subsequent to the filing of the notice of appeal, the probate court sustained the appellee as executor, finding no mismanagement or unfitness, the appeal from which order was

pending in superior court. By supplemental record, it was shown also that the appellants' "motion for new trial" or injunction pending appeal has been denied.

1. Although the appeal is subject to being dismissed as premature — because the motion filed simultaneously with the notice of appeal was still pending and the trial court lost jurisdiction to rule on it by virtue of the notice of appeal's vesting of jurisdiction of the case in this court — the appeal is being considered on its merits in the interest of judicial economy, since the trial court has, albeit without jurisdiction, entered an order ruling on and denying the said motion, indicating the probable effect of an order which could be properly entered were we to dismiss the appeal.

2. The trial court dismissed the petition on the ground that the probate court, with concurrent jurisdiction, had already assumed jurisdiction, and that no ground for equitable intervention appeared, absent a showing of irreparable damages which would result from a sale of the devised property, or a showing of the insolvency of the executor.

"Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or *upon application of any person interested in the estate where there is danger of loss or other injury to his interests."* (Emphasis supplied.) Code ' § 37-403. "As this section indicates, a legatee or devisee cannot under normal circumstances maintain a petition for *mere* construction of a will, since that is the duty and prerogative of the executor . . . [Cit.] Yet, the right of a legatee or devisee, under stated circumstances, to seek and obtain construction is recognized." *Brewton v. McLeod,* 216 Ga. 686, 692 (2) (119 SE2d 105) (1961).

The plaintiffs in the case at bar, as those in *Brewton v. McLeod,* supra, have made a prima facie showing to the court of a situation involving possible loss or injury to their interests, caused by the executor's seeking a public sale under an erroneous construction of the will. That a construction of the will is necessary, although not specifically pleaded, appears from the facts that the executor and two inferior tribunals have already misconstrued the will, as explained hereinafter. "Construction is not within the jurisdiction of the [probate court]." *Brewton v. McLeod,* 216 Ga. 686, supra, p. 696.

A limitation of an estate previously given in the will is not permitted absent an unequivocal subsequent provision. *Johnson v. Johnson,* 240 Ga. 21, 22 (239 SE2d 346) (1977) and cits. " 'The mere lodgment of a discretionary power of sale in an executor can not destroy an essential quality of the estate in fee of a devisee, where there are no debts or necessity of sale.' [Cit.]" *Hoffman v. Chester,*

201 Ga. 447, 452 (2) (39 SE2d 857) (1946). There was a conflict upon the hearing in superior court as to whether the estate had debts. One of the appellants testified as to the unique sentimental value to her and her children of the land, which had been the family home place for over 100 years. The mere fact that the devisees had not been able to agree upon the terms of a sale and distribution of the sale proceeds, would not constitute grounds for denying the equitable relief sought — for construction of the will and injunction of the sale — where all of the devisees have not consented to the sale, and have not even obtained conveyance of title to the land from the executor.

Although issues of fact remain, a finder of fact may possibly find, from evidence which substantiates the testimony upon the hearing, that the executor's assent to another specific devise in the will had raised a presumption of assent to the present devise, and that there were no debts due by the estate. See *Armstrong v. Merts,* 76 Ga. App. 465, 468 (1a) (46 SE2d 529) (1948) and cit. The proper procedure here, assuming that there are no debts of the estate or other grounds for selling the land, is for the executor to convey the land to the three devisees by executing an assent to the devise. They or some of them, in turn, may petition for a partitioning of the land or, in the alternative, for sale and distribution of the proceeds. The executor construed too broadly the provision for sale of "any part" of the estate, which must be construed to mean any part other than specific devises.

Accordingly, the trial court erred in dismissing the petition, and the case must be set down for trial of the issues as outlined hereinabove.

*Judgment reversed. All the Justices concur.*

Submitted June 27, 1980 — Decided September 17, 1980.

*Joab L. Kunin,* for appellants.
*Timothy McCreary,* for appellees.