## S90A0360. SIMON v. BUNCH.
### (391 SE2d 648)

BENHAM, Justice.

The last will and testament of Paul Eschol Bunch named appellant as trustee and appellee as executor of the estate. After more than one year had elapsed following the death of the testator, appellant filed a petition in probate court for a complete and final accounting and distribution of the estate to the trustee. See OCGA § 53-7-163. After conducting a hearing on the petition, the probate court deemed it necessary to construe the will and concluded that the will failed to create a trust and that, even if it did create a trust, the trust was executed. Accordingly, it denied appellant's petition for accounting and distribution.

1. Citing OCGA § 15-9-86.1 (a), appellant contends that appellee's failure to file responsive pleadings to the petition in the probate court entitled appellant, as a matter of right, to an order granting the petition. However, OCGA § 15-9-86.1 is not applicable in the case at bar for two reasons: 1) a petition for accounting and distribution by an executor who has not been removed is not a proceeding listed in OCGA § 15-9-86.1 (e); and 2) the notice of the petition for accounting and distribution served upon appellee with a notice of the time of the hearing did not state that the party served must respond or the peti-

tion would be granted (OCGA § 15-9-86.1 (a)).

2. Construction of a will is generally not within the jurisdiction of the probate court. *Lowell v. Bouchillon*, 246 Ga. 357 (2) (271 SE2d 498) (1980).[1] Where, as here,

> it appears that a question of construction of a will . . . is involved in the accounting, [the probate court] shall enter an order transferring the accounting to the superior court for the determination of all such questions. . . . OCGA § 53-7-188.

Since the probate court's denial of appellant's motion for accounting and distribution was a result of the probate court's exercise of a power it did not have, the judgment of the probate court must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 24, 1990.

*Simon & Booth, William M. Simon,* pro se.
*Alvin M. Hitt, Jr., Ralph C. Snow, Jr.,* for appellee.

---

[1] We recognize that a probate court may, in restricted circumstances, entertain questions of construction of wills. OCGA §§ 15-9-127 (1); 9-4-4 (a) (3). Inasmuch as appellant sought an accounting in probate court, and not a declaratory judgment, those statutes are inapplicable to the case at bar, which therefore falls within the general rule stated in *Lowell*.