A90A2116. GREENE et al. v. WOODARD.
(401 SE2d 617)

BEASLEY, Judge.

The question is whether OCGA § 9-11-55 (a), a section of the Civil Practice Act regarding the opening of default judgments, governs an application for year's support and caveat filed in probate court. We conclude that it does.

Virginia Martin Woodard died testate on April 16, 1990, leaving as her heirs at law her husband, who is the appellee, and four daughters by a prior marriage, who are the appellants.

On May 4, 1990, the husband applied for year's support in the probate court. The daughters were served by mail with a copy of the application and a citation ordering them to show cause by "on or before 10:00 a.m. on the first Monday in June 4th 1990, next, why said application should not be granted."

During the afternoon of June 4, the daughters sought to file a caveat to the application and a demand for jury trial. The deputy clerk of the probate court informed their counsel that the caveat was not timely filed. Later that day, counsel attempted to pay costs and open the default as a matter of right under OCGA § 9-11-55 (a). The deputy clerk refused to accept the check.

On June 18, the daughters filed a "notice of opening default" and submitted a check for costs. The clerk's office allowed this notice to be filed and cashed the check. Later they filed a request for jury trial.

On July 9, the probate court judge denied the caveat and dismissed the "notice of opening default." He ruled that the provisions of the CPA relating to the opening of default judgments under OCGA

§ 9-11-55 (a) do not apply to proceedings involving applications for year's support, which are governed by Chapter 5 of OCGA Title 53.

Under OCGA § 9-11-1, the CPA applies to "all courts of record of this state in all actions of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Code Section 9-11-81." *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974). A probate court is a court of record. Id. Thus, the provisions of the CPA apply in probate court, except as provided in OCGA § 9-11-81.

OCGA § 9-11-81 states that the CPA "shall apply to all special statutory proceedings except to the extent that specific rules of practice or procedure in conflict herewith are expressly prescribed by law. . . ."[1] See *Kipp v. Rawson*, 193 Ga. App. 532, 534 (1) (388 SE2d 409) (1989). At least certain proceedings in probate court are classifiable as "special statutory proceedings." See *Bragg v. Bragg*, 225 Ga. 494 (170 SE2d 29) (1969); OCGA § 15-9-122. Thus, provisions of the CPA apply in probate court proceedings, unless there are special rules of practice or procedure which are conflicting and which have been expressly prescribed by law. See *Howell v. Tidwell*, 256 Ga. 647 (352 SE2d 372) (1987); *Kipp v. Rawson*, supra; *Leathers v. Gilland*, 141 Ga. App. 681, 683 (1, 2) (234 SE2d 336) (1977).

Rule 13 of the Uniform Rules for the Probate Courts is expressly applicable to default judgments and provides: "The party seeking entry of a default judgment in any action shall certify to the court the date and type of service effected as shown by court records and that there has been no defensive pleading from the party against whom the judgment is sought. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature." 254 Ga. 811, 829 (1985). There is no conflict between this rule and OCGA § 9-11-55 (a).

Statutory provisions concerning probate courts are contained in Chapter 9 of OCGA Title 15. By its terms, Article 6 of Chapter 9, OCGA §§ 15-9-120 through 15-9-127, applies to jury trials and appeals. Article 6 was amended by § 6 of a 1986 Act generally applicable to probate courts in counties having a population of more than 150,000 persons. Ga. L. 1986, pp. 982, 985-987. However, under a 1988 amendment to OCGA § 15-9-120 (2), Article 6 applies to probate courts in counties having a population of more than 100,000 persons. OCGA § 15-9-122 states: "Unless provided to the contrary by Code Section 9-11-81, the general laws and rules of practice, pleading, pro-

---

[1] It might be argued that the provisions of the CPA relating to the opening of default judgments concern "relief from judgments" and "the effect of judgments," and, therefore, OCGA § 9-11-55, insofar as it governs the opening of default judgments, is expressly made applicable to probate court proceedings by OCGA § 9-11-81. This argument has not been advanced here.

cedure, and evidence which are applicable to the superior courts of this state shall be applicable to and govern civil cases in the probate courts." Thus, OCGA § 15-9-122 complements OCGA § 9-11-81.

The statutory provisions concerning year's support proceedings, which are contained in OCGA §§ 53-5-1 through 53-5-21, do not address default judgments.

Consequently, appellants were entitled to open their default as a matter of right under OCGA § 9-11-55 (a) by filing defenses within 15 days of the day of default, upon payment of costs.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*Schreeder, Wheeler & Flint, David Flint, Timothy C. Batten,* for appellants.
*Fred W. Minter,* for appellee.