## A98A1986. RICE v. HIGGINBOTHAM.
### (508 SE2d 736)

ANDREWS, Chief Judge.

John J. Higginbotham, the named executor in the June 10, 1996 will of Sarah H. Hale, filed a petition to probate the will in solemn form. Doris H. Rice, an heir at law named in the petition, appeals from orders of the Probate Court striking her caveat to the probate of the will as untimely, and denying alternative motions to allow her to open default or to intervene in another caveat to the will filed by other interested parties.

1. First, we address Rice's contention that she was not properly served with notice.

After the petition to probate Hale's will was filed on September 29, 1997 in the Cobb County Probate Court, Rice, a resident of Utah, was served by publication on October 10, 17, 24 and 31, and served by mail, as provided in OCGA § 53-3-14.[1] The published notice and

---

[1] This case involves the version of the Probate Code applicable to estates of decedents who died before January 1, 1998.

the copy of the notice mailed to Rice on the date of the first publication notified her that all objections to the petition to probate the will must be filed on or before the 10:00 a.m. November 3, 1997 hearing. Rice admitted that she received the mailed notice on or about October 21, 1997, about 13 days before the November 3 hearing. Rice further stated that on November 17, 1997, she sent a letter to the other named heirs at law citing a will made by Hale prior to 1994, alleging undue influence over Hale after that date, and stating that "I am filing a caveat against all wills made [by Hale] after 1994." A copy of this letter was filed with the Probate Court on November 25, 1997. On or about December 5, 1997, Rice hired an attorney who filed a caveat to the probate of the will on her behalf on December 31, 1997.

Since Rice was an heir at law residing in Utah at a known address, she was properly served with notice by publication and by mail prior to the date on which objections were required to be filed pursuant to OCGA § 53-3-14. *Foster v. Foster*, 207 Ga. 519, 522 (63 SE2d 318) (1951). There is no merit to Rice's contention that the Probate Court erred in failing to require personal service or other service requirements of the Civil Practice Act (CPA). As a court of record, the provisions of the CPA apply to the Probate Court except as provided in OCGA § 9-11-81. *Greene v. Woodard*, 198 Ga. App. 427, 428 (401 SE2d 617) (1991). Section 9-11-81 provides that the CPA "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . . ." Similarly, § 15-9-122 provides that "[u]nless provided to the contrary by Code Section 9-11-81, the general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts of this state shall be applicable to and govern in civil cases in the probate courts."

Although we conclude the proceedings for the probate of Hale's will under OCGA § 53-3-1 et seq. were special statutory proceedings within the meaning of OCGA § 9-11-81 (see *Taylor v. Donaldson*, 227 Ga. 496-499 (181 SE2d 340) (1971)), § 53-3-14 expressly provided specific rules for service by publication and by mail upon nonresident heirs at law with known addresses. Section 53-3-14 (e) further provided in part that "[w]hen service by publication is ordered pursuant to this Code section in the matter of probate of a will in solemn form, compliance with the provisions of this Code section relating to a party to be notified . . . who resides outside the state . . . shall be equivalent to personal service of a copy of the petition, citation, and order for publication when that fact appears in the records of the court showing the persons notified and the character of the notice given." Moreover, the service provisions of the CPA set forth in § 9-11-4 provide that "[t]he methods of service provided in this Code section may be used as alternative methods of service in proceedings in

the probate courts and in any other special statutory proceedings and may be used with, after, or independently of the method of service specifically provided for in any such proceeding; and, in any such proceeding, service shall be sufficient when made in accordance with the statutes relating particularly to the proceeding or in accordance with this Code section." OCGA § 9-11-4 (j). Accordingly, service on Rice in accordance with the provisions of OCGA § 53-3-14 was expressly allowed under the provisions of OCGA §§ 9-11-81 and 9-11-4 (j). See *Utica Mutual Ins. Co. v. Mitchell*, 227 Ga. App. 830, 832 (490 SE2d 489) (1997).

Rice's further contention that service on her in accordance with OCGA § 53-3-14 violated the equal protection provisions of the United States Constitution was not raised or ruled upon in the trial court and presents nothing for appellate review. *Zach, Inc. v. Fulton County*, 226 Ga. App. 842, 843 (487 SE2d 602) (1997).

2. Even though service was proper, we agree with Rice that the Probate Court erred by striking her caveat filed on December 31, 1997 as untimely.

The citation published and mailed to Rice pursuant to OCGA § 53-3-14 stated that: "This is to notify you to appear before this Court on November 3, 1997, at 10:00 A.M., to show cause, if any there be, why said Will should not be probated in Solemn form and why Letters of Administration with Will Annexed should not be issued as prayed. You do not need to appear unless you wish to be heard concerning this matter. All objections to the petition must be in writing, setting forth the grounds of any such objections, and must be filed at or before the time stated in the citation." After the citation was served but before a hearing on the petition to probate, the Probate Court issued an order of continuance on November 3, 1997 stating: "The within and foregoing case having regularly come on for a hearing this date; whereas, a caveat was filed on October 30, 1997, by Joseph A. Carragher, Jr.; it is hereby ordered that the case be continued until further order of the Court."

Generally, "[a] contest to a will consists in filing with the court before or at the probate hearing written allegations commonly called a caveat. . . ." Redfern, Wills, Ga. § 125 (5th ed.); *Moore v. Dearing*, 216 Ga. 596, 597 (118 SE2d 366) (1961). However, where the law governing proceedings in the Probate Court for probate in solemn form requires "that a citation be published, or published and mailed, and also be served personally upon one or more parties," the Court may issue a citation which, instead of stating the time of hearing as the deadline for response, states that: "(1) Any party who is not ordered to be served personally must file with the court his response to the petition on or prior to a date certain, which shall be a date for which hearing could be set according to the laws governing the particular

proceeding; and (2) Any party who is served personally must file with the court his response by the later of the date certain established as provided above or the tenth day after the service of the notice upon him." OCGA § 15-9-86.1 (b), (e) (11).[2]

The citation served on Rice notified her that a hearing on the petition to probate was set for November 3, 1997, at 10:00 a.m., and that her written objections to the petition "must be filed at or before the time stated in the citation." We find this notice insufficient to inform Rice pursuant to OCGA § 15-9-86.1 that November 3, 1997 was a date certain on or before which she was required to file her caveat. See *Simon v. Bunch*, 260 Ga. 201 (391 SE2d 648) (1990). Instead, the citation could be read as notice that written objections were required to be filed no later than the date and time at which the hearing occurs. Given that the hearing in this case was continued until further order of the Court, and the hearing had not occurred prior to the caveat filed by Rice on December 31, 1997, the caveat filed on that date was timely.

3. We need not address Rice's additional enumerations of error.

4. Appellee's motions to dismiss the appeal and for imposition of a penalty pursuant to Court of Appeals Rule 15 (b) are denied.

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 2, 1998 —
RECONSIDERATION DENIED NOVEMBER 20, 1998 

*Stephen F. Carley*, for appellant.

*Zweifel Law Firm, Gary D. Zweifel, Monica K. Gilroy, Moore, Ingram, Johnson & Steele, Robert D. Ingram, Melissa W. Gilbert*, for appellee.

---

[2] This case applies former OCGA § 15-9-86.1 as it appeared prior to its 1998 amendments.