## S99G0420. HIGGINBOTHAM v. RICE.
(517 SE2d 784)

FLETCHER, Presiding Justice.

Executor John J. Higginbotham filed a petition to probate the June 10, 1996, will of his aunt, Sarah Higginbotham Hale. Hale's niece and heir at law, Doris Rice, filed a written objection which the probate court dismissed as insufficient and untimely. The Court of Appeals for the State of Georgia reversed on the grounds that Rice received insufficient notice.[1] Because we conclude that the citation mailed to Rice gave her adequate notice of the deadline for filing a caveat to the will, we reverse.

Higginbotham filed the petition on September 29, 1997, and the trial court on that day ordered that citation be issued and served on the heirs at law, who were all out-of-state residents. The probate court clerk sent by certified mail a copy of the petition, will, order for citation, and citation. Rice received the citation by October 21, 1997. The citation stated:

> This is to notify you to appear before this Court on *November 3, 1997*, at *10:00 A.M.*, to show cause, if any there be, why said Will should not be probated in Solemn Form. You do not need to appear unless you wish to be heard concerning this matter. All objections to the petition must be in writing, setting forth the grounds of any objections, and must be filed at or before the time stated in the citation.

Rice objected to the will in a letter filed on November 25, 1997, and filed a formal caveat on December 31, 1997. The probate court dismissed Rice's caveats as insufficient and untimely, but the Court of Appeals reversed on the grounds that the citation failed to inform Rice that November 3 was the deadline for filing a caveat. This Court granted certiorari to determine whether the Court of Appeals correctly determined that the citation in this case failed to comply with the provisions of OCGA § 15-9-86.1.

OCGA § 15-9-86.1 provides that any person who is not to be served personally with a citation in a proceeding for probate in solemn form must file a response "on or prior to a date certain, which shall be a date for which hearing could be set according to the laws governing the particular proceeding."[2] Former OCGA § 53-3-14 governs proceedings prior to 1998 for the probate of a will in solemn form.

Former OCGA § 53-3-14 provided that service on a known party

---

[1] *Rice v. Higginbotham*, 235 Ga. App. 378 (508 SE2d 736) (1998).
[2] OCGA § 15-9-86.1 (b) (1).

who resided outside the state shall be perfected by publication, and the published notice shall be directed and addressed to known parties residing outside the state. "The notice shall command all parties to . . . appear before the court at the time specified, to then and there show cause, if there is any, why the probate in solemn form of the will should not be had."[3] Where the address of the nonresident was known, the petitioner had to file in the probate court a copy of the notice to be published. The clerk of the probate court then mailed a copy of the newspaper notice or statement reproducing the notice to the nonresident party.[4]

In this case, the petition to probate the will listed Rice as an heir at law and included her address in Utah. She was served a copy of the petition, will, order for citation, and citation by certified mail; the return receipt was filed with the probate court on October 21, 1997. The citation tracked the language of OCGA § 53-3-14 (c). Specifically, it notified Rice that she needed to appear before the court on November 3, 1997, to show cause why Hale's will should not be probated or file a written objection setting forth her objections to the will by that date. Thus, the citation gave Rice sufficient notice that November 3 was the deadline for appearing in probate court or filing a written objection. Because the citation stated a "date certain" for filing a written response, it complied with the provisions of OCGA §§ 15-9-86.1 and 53-3-14.

Although the November 3 hearing was continued after other persons interested in the estate filed a timely caveat, this continuance did not extend the time for Rice or any other heir to file a caveat. Because Rice did not file her caveat by November 3, the probate court correctly dismissed her objections as untimely.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 7, 1999 —
RECONSIDERATION DENIED JULY 6, 1999.

*Moore, Ingram, Johnson & Steele, Robert D. Ingram, Melissa W. Gilbert,* for appellant.
*Stephen F. Carley,* for appellee.

---

[3] Former OCGA § 53-3-14 (c).
[4] Former OCGA § 53-3-14 (d).