## A07A1632. In re ESTATE OF EHLERS.
(656 SE2d 169)

Andrews, Presiding Judge.

On February 6, 2007, the Fulton County Probate Court entered a judgment ordering that the estate of Dora W. Ehlers receive as year's support from the estate of Albert T. Ehlers certain real property located at 2220 Bernard Road (the Bernard Road property), as described in an August 2005 amendment to the year's support petition filed in 1994. After being served with notice of the amendment, Allen T. Ehlers, as the executor of the estate of Albert G. Ehlers, filed an objection to the setting aside of the Bernard Road property as year's support. This appeal from the judgment setting aside the Bernard Road property as year's support is brought by Allen T. Ehlers, as the executor of the estate of Albert G. Ehlers, who contends that the probate court erred by dismissing his objection as untimely without considering the merits of the objection. For the following reasons, we agree that this was error, reverse the year's support judgment, and remand the case to the probate court for a ruling on the merits of the objection.

After the death of Albert T. Ehlers in 1993, his surviving spouse, Dora W. Ehlers, filed a petition in 1994 in the Fulton County Probate Court seeking the award of year's support from his estate pursuant to former OCGA §§ 53-5-2 and 53-5-6.[1] Pursuant to former OCGA § 53-5-6 (4), the petition included a schedule describing the real property (not including the Bernard Road property) sought to be set aside for year's support. Albert G. Ehlers, as a co-executor of the estate, surviving son, and a beneficiary under the will of Albert T. Ehlers, filed a timely objection to the petition. While the objection was pending, Dora W. Ehlers, Albert G. Ehlers, and James Allen Ehlers, the three co-executors of the estate of Albert T. Ehlers, deeded the real property described in the petition out of the estate, dividing it between Albert G. Ehlers and James Allen Ehlers. Albert G. Ehlers subsequently dismissed his objection to the petition in October 1995. In February 1996, Albert G. Ehlers filed a motion in the probate court alleging that he and the other two co-executors of the estate had entered into an agreement under which the real property described in the petition was deeded out of the estate; that the parties had agreed to dismiss the petition and settle all contested issues related to the estate, and that he dismissed his objection to the petition pursuant to the agreement. The motion sought an order from the probate court

---

[1] The Revised Probate Code of 1998, including parts applicable to petitions for year's support, took effect on January 1, 1998, "provided, however, that no vested rights of title, year's support, succession, or inheritance [obtained under the pre-1998 Probate Code] shall be impaired." OCGA § 53-1-1 (b).

enforcing the alleged agreement. Along with the motion, Albert G. Ehlers filed a second objection to the pending petition. The motion and the second objection were opposed by Dora W. Ehlers and James Allen Ehlers.

While the petition for year's support remained pending in the probate court, Albert G. Ehlers filed a declaratory judgment action in the Fulton County Superior Court in September 1996, seeking a declaration that the real property deeded out of the estate by the three co-executors was no longer subject to claims in the petition; that his second objection to the petition (filed after he dismissed the first objection) was timely and valid, and that Dora W. Ehlers and James Allen Ehlers be required to render an accounting of their handling of the estate. During the pendency of the superior court litigation, Albert G. Ehlers died in May 1997, and Allen T. Ehlers, as executor of the estate of Albert G. Ehlers, was substituted as the plaintiff in October 1997. The superior court subsequently transferred all the claims in the action to the probate court, except the claim regarding the effect of the deeds executed by the co-executors transferring real property out of the estate of Albert T. Ehlers. As to that claim, the superior court conducted a bench trial in November 1998 and ruled that, because Dora W. Ehlers and the other two co-executors voluntarily transferred the real property out of the estate, it was no longer subject to Dora W. Ehlers's petition for year's support from the estate. The record shows no appeal from the superior court ruling.

After Dora W. Ehlers died in October 2004 with her 1994 petition for year's support still pending, James Allen Ehlers, as the executor of the estate of Dora W. Ehlers, filed an August 2005 amendment to the year's support petition describing the Bernard Road property as remaining in the estate of Albert T. Ehlers, and seeking an order setting aside the Bernard Road property as year's support from the estate of Albert T. Ehlers. See OCGA § 53-3-5 (b). Upon the filing of the amendment to the petition seeking to set aside the Bernard Road property, the probate court issued a citation pursuant to OCGA §§ 53-3-6 (b) and 53-11-9 citing Allen T. Ehlers, as executor of the estate of Albert G. Ehlers, to show cause why the amended petition for year's support should not be granted. See OCGA § 53-11-5. The record shows that, when James Allen Ehlers, acting as the executor of the estate of Dora W. Ehlers, filed the amendment to the year's support petition, he was also acting as the sole remaining executor of the estate of Albert T. Ehlers from which the amended petition sought the award of year's support. Accordingly, the probate court entered an order finding that Allen T. Ehlers, as the executor of the estate of Albert G. Ehlers, was entitled to notice of the citation by mail pursuant to OCGA § 53-3-6 (a), (c) (2) and (3).

The probate court mailed a copy of the amended petition and citation to Allen T. Ehlers, as executor of the estate of Albert G. Ehlers, by certified mail, return receipt requested, at his current residence address in Texas, notifying him that he had a right to file a written objection to the amended petition, and informing him of the date on or before which any such objection must be filed in the probate court. OCGA §§ 53-11-1; 53-11-4 (a), (c); 53-11-9. The probate court sent the notice certified mail, return receipt requested on November 2, 2005; the date on the return receipt was November 7, 2005, and the court received the return receipt on November 9, 2005. Pursuant to OCGA § 53-11-10 (a):

> For persons within the continental United States who are served by registered or certified mail or statutory overnight delivery, return receipt requested, the date on or before any objection is required to be filed shall not be less than 13 days from the date of mailing; provided, however, that if a return receipt from any recipient is received by the court within 13 days from the date of mailing, the date on or before any objection is required to be filed by such recipient shall be ten days from the date of receipt shown on such return receipt.

It follows that written objection to the amended petition was required to be filed in the probate court no later than ten days from November 7, 2005 — therefore no later than November 17, 2005. When no written objection was filed in the probate court by November 17, 2005, the amended year's support proceeding automatically became in default. OCGA § 15-9-47. But on November 23, 2005, within 15 days of the day of default, Allen T. Ehlers, as executor of the estate of Albert G. Ehlers, opened the default as a matter of right pursuant to OCGA § 9-11-55 (a) by the payment of costs and the filing of defenses objecting to the setting aside of the Bernard Road property as year's support. *Greene v. Woodard*, 198 Ga. App. 427 (401 SE2d 617) (1991). *Greene* held that the provisions of the Civil Practice Act (CPA) in OCGA § 9-11-55 (a) relating to the opening of default judgments as a matter of right within 15 days of default apply to year's support proceedings in probate court. "CPA [provisions] apply in probate court proceedings, unless there are special rules of practice or procedure which are conflicting and which have been expressly prescribed by law." *Greene*, 198 Ga. App. at 428; OCGA §§ 9-11-81; 15-9-122. As *Greene* held in 1991, nothing in Rule 13 of the Uniform Probate Court Rules relating to default judgments conflicts with OCGA § 9-11-55 (a). Similarly, we find nothing in the 1992 enactment of OCGA § 15-9-47 relating to default judgments in probate court that conflicts

with the provisions of OCGA § 9-11-55 (a) providing for the opening of default as a matter of right within 15 days of the default.

On these facts, we find that the probate court properly gave notice of the amended year's support petition to Allen T. Ehlers, as the executor of the estate of Albert G. Ehlers; that the November 23, 2005 objection filed pursuant to the notice was timely, and that the probate court erred by dismissing it and setting aside the Bernard Road property as year's support without ruling on the merits of the objection. We need not address enumerations of error not concerning the Bernard Road property.

*Judgment reversed and case remanded. Ellington and Adams, JJ., concur.*

DECIDED DECEMBER 14, 2007.

*Kennon Peebles, Jr.,* for appellant.

*Friedman, Dever & Merlin, Hayes M. Dever, Genevieve H. Dame, Donald J. Coffey,* for appellee.