**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 12, 2018**

# In the Court of Appeals of Georgia

A18A0783. IN RE ESTATE OF JONES.

McFADDEN, Presiding Judge.

After the probate court entered an order admitting to probate in solemn form the 2013 will of Robert Ellsworth Jones, Jr., Jones's stepson, Jacob Swygert, petitioned to set aside the probate court's order and petitioned to probate a 2005 will instead. He also sought discovery in connection with these petitions, and he sought to intervene in the proceedings pertaining to the 2013 will. In a series of orders, the probate court dismissed or denied all of Swygert's petitions and motions, and Swygert appeals.

The probate court erred in rejecting Swygert's set-aside petition[1] on the basis that it does not satisfy OCGA § 9-11-60 (d). That provision sets out the narrow grounds on which a motion to set aside a judgment may be brought under the Civil Practice Act. But set-aside petitions like the one before us today are special statutory proceedings; specific rules of practice and procedure for such petitions are set out at OCGA §§ 53-5-50 and 53-5-51. To the extent that those specific rules of practice and procedure conflict with the Civil Practice Act, the Civil Practice Act does not apply. OCGA § 9-11-81.

So we reverse the probate court's order insofar as she ruled on the set-aside petition. Because the probate court's ruling on the set-aside petition, and her erroneous rationale for that ruling, impacted her rulings on Swygert's discovery requests and motion to intervene, we vacate those rulings. We remand the case to the probate court for further proceedings not inconsistent with this opinion.

1. *Procedural history.*

---

[1] The probate court referred to the set-aside petition as a "motion," which she denied.

2

The record shows that Swygert's mother, Joie Ellison Jones, was married to Jones when she passed away on December 22, 2012. Shortly thereafter, on January 8, 2013, Jones executed a will that specifically excluded Swygert as a beneficiary.

Jones passed away on November 7, 2015, and later that month his daughter and executor, Page Jones Littlewood, filed a petition to probate in solemn form Jones's 2013 will. The record does not show that Swygert was served with or otherwise given notice of the petition, and the parties appear to agree that he was not given notice of it. See generally OCGA § 53-5-22 (a) (requiring notice of probate in solemn form to be given to "all the heirs of the testator, and, if there is any other purported will of the testator for which probate proceedings are pending in this state, . . . to the beneficiaries and propounders of such purported will"). On November 18, 2015, the probate court ordered the will admitted to probate in solemn form and issued letters testamentary to Littlewood as executor.

In March 2016, Swygert filed in the probate court a petition asking that the probate court, among other things, permit him to intervene, set aside the order admitting the 2013 will to probate, and admit to probate in solemn form a 2004 will of Jones that named Swygert as a beneficiary. In his set-aside petition, Swygert challenged the validity of the 2013 will that disinherited him, asserting that Jones

3

lacked sufficient testamentary capacity and that he had been unduly influenced to make the 2013 will by his adult children. Swygert filed a separate petition to probate the 2004 will in solemn form.

After learning of the existence of a will executed by Jones in 2005, Swygert withdrew his petition to probate the 2004 will and filed a petition to probate in solemn form the 2005 will. He amended his set-aside petition to reflect this change. The 2005 will, like the 2004 will, named Swygert a beneficiary.

The probate court entered an order in which she denied Swygert's motion to intervene, denied his set-aside petition, and reaffirmed her order admitting the 2013 will to probate, among other things. In a separate order, the probate court denied Swygert's petition to probate the 2005 will in solemn form. She also entered orders resolving discovery disputes in favor of Littlewood.

2. *Set-aside petition.*

The probate court held that Swygert was not entitled to have the earlier probate court order set aside, reasoning that he had not satisfied the requirements of OCGA § 9-11-60 (the provision of the Civil Practice Act pertaining to the grounds for obtaining relief from judgments) and no separate basis existed for obtaining such relief under OCGA § 53-5-50 (the provision of the Probate Code pertaining to an

4

action to set aside a probate court order admitting a will into probate). We disagree with the probate court's interpretation of these Code sections.

"When we construe . . . statutory authority on appeal, our review is de novo." *In the Interest of K. S.*, __ Ga. __ (__ SE2d __) (Case No. S17G1344, decided May 7, 2018) (citation omitted). In interpreting the Code sections at issue in this case,

> we apply the fundamental rules of statutory construction that require us to construe the statute[s] according to [their] terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. OCGA § 1-3-1 (a). In this regard, in construing language in any one part of a statute, [we] should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

*In re Estate of Gladstone*, __ Ga. __ (__ SE2d __) (Case No. S17G1472, decided May 5, 2018) (citation omitted).

OCGA § 53-5-50, in our Probate Code, addresses the means by which a person may seek to have an order admitting a will to probate set aside because another will is entitled to probate. That Code section pertinently provides:

> (a) The probate court shall have original jurisdiction over any action to vacate, set aside, or amend its order admitting a will to probate which alleges . . . [t]hat another will is entitled to be admitted to probate[.]

5

(b) Any such action shall be combined with a petition to probate in solemn form the other will[.] The court shall consider the petition to probate together with the action to vacate, set aside, or amend; and the court shall grant relief as is appropriate with respect to each matter.

OCGA § 53-5-50. The Probate Code details the manner of this procedure in OCGA § 53-5-51. The plain language of these provisions reflects a legislative intent that the probate court entertain the merits of a claim that a will should be admitted to probate, even if the probate court has already admitted a different will to probate. Indeed, a leading treatise recognizes the procedure described in OCGA § 53-5-50 and § 53-5-51 as an appropriate procedure for attacking a probate court's order admitting a will to probate. See Mary F. Radford, *Redfearn Wills and Administration in Georgia*, § 6:20, p. 358-359 (2017-2018 ed.).

OCGA § 9-11-60, in our Civil Practice Act, addresses the means by which a person may attack a judgment. That Code section provides: "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." OCGA § 9-11-60 (a). It then provides that a "judgment may be attacked by motion for a new trial or motion to set aside," OCGA § 9-11-60 (b), and it addresses the requirements of each type of

motion. See OCGA § 9-11-60 (c) (requirements for motion for new trial), § 9-11-60 (d) (requirements for motion to set aside).

There is tension between these provisions. The Probate Code permits a particular type of judgment to be attacked by a set-aside *action* alleging that another will is entitled to be admitted to probate, while the Civil Practice Act permits judgments not void on their face to be attacked only by a set-aside or new-trial *motion* under more limited circumstances. Pretermitting whether the "action" addressed in OCGA § 53-5-50 may be considered a "motion" under OCGA § 9-11-60, the Probate Code's broader procedure for attacking an order admitting a will to probate applies in this case. "[P]rovisions of [the Civil Practice Act, such as OCGA § 9-11-60] apply in probate court proceedings, *unless* there are special rules of practice or procedure which are conflicting and have been expressly prescribed by law." *Greene v. Woodard*, 198 Ga. App. 427, 428 (401 SE2d 617) (1991) (citations omitted; emphasis supplied). Under OCGA § 9-11-81, the Civil Practice Act does not apply if it conflicts with "specific rules of practice and procedure [that] are expressly prescribed by law" in special statutory proceedings. Proceedings for the probate of a will are special proceedings within the meaning of OCGA § 9-11-81. *Rice v. Higginbotham*, 235 Ga. App. 378, 379 (1) (508 SE2d 736) (1998), reversed on other grounds,

7

*Higginbotham v. Rice*, 271 Ga. 262 (517 SE2d 784) (1999). Because the Civil Practice Act's procedure in OCGA § 9-11-60 for attacking a judgment through a set-aside motion is more restrictive than the Probate Code's procedure in OCGA § 53-3-50 and § 53-3-51 for attacking an order admitting a will to probate on the ground that another will should be admitted to probate, the contraints of OCGA § 9-11-60 do not apply in this case.

For these reasons, we find that the probate court erred in denying Swygert's set-aside petition for failing to meet the requirements of OCGA § 9-11-60, rather than ruling on the merits of the petition. We therefore reverse that ruling and remand the case for the probate court to consider the petition's merits.

Because the issue was argued by the parties to this appeal and is likely to arise on remand, we further note that the order admitting the 2013 will to probate in solemn form does not preclude Swygert from challenging that will's validity, as Swygert was not an heir, beneficiary, or notified party under that will. See OCGA § 53-5-20 (identifying persons upon whom probate of will in solemn form is conclusive).

3. *Remaining claims of error.*

Swygert also challenges the probate court's rulings on his motion to intervene, his petition to admit the 2005 will to probate, and certain discovery disputes. The

probate court based those rulings on her decision not to set aside her order admitting the 2013 will to probate. Because we have reversed the ruling on the set-aside order and remanded the case for the probate court to consider the merits of the set-aside petition, we vacate the probate court's other rulings and remand the case for further proceedings not inconsistent with this opinion.

*Judgment reversed in part and vacated in part, and case remanded. Ray and Rickman, JJ., concur*.