**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 18, 2025**

# In the Court of Appeals of Georgia

A25A1740. IN RE ESTATE OF RUSSELL JOHN BLAKE, DECEASED.

PADGETT, Judge.

Russell John Blake (the "decedent") died intestate while domiciled in Fulton County. He was survived by his wife Maria Blake (the "Petitioner") and his child from a previous relationship, Russell Quincy Blake (the "Caveator"). Caveator appeals from orders of the Probate Court of Fulton County dismissing his objection to Petitioner's petition for year's support and granting the same petition. On appeal, Caveator argues that the probate court erred by not making a "proper examination" of his objection to the petition for year's support and that it abused its discretion in the amount of its award. For the following reasons, we affirm.

The record shows that after the decedent died intestate, Petitioner and Caveator filed competing petitions for letters of administration on April 27, 2022. On May 16, 2022, Petitioner also filed a petition for year's support. On November 22, 2022, the Probate Court of Fulton County initiated service of the notice of petition for year's support to Caveator with a deadline for any objections to be filed with the probate court by December 27, 2022. On December 2, 2022, the probate court of Fulton County amended that notice, and again initiated service to Caveator with a deadline for any objections to be filed by January 3, 2023. Caveator did not file an objection prior to this January 3, 2023 deadline.

On January 11, 2023, the probate court held a status hearing at 11:00 a.m. During the status hearing, Caveator stated that he was served with the petition for year's support and that he did not object.[1] The probate court then issued a final order granting the petition for year's support that same day. Later that afternoon, Caveator filed an untimely objection to the petition for year's support. On March 20, 2023, the probate court dismissed that objection as untimely filed. Caveator appealed from that

---

[1]A transcript of the status hearing does not appear in the appellate record. "In the absence of a transcript, we must assume that the probate court's actions would be supported by the record." *Burkett v. Estate of Burkett*, 248 Ga. App. 719, 720 (548 SE2d 628) (2001) (footnote omitted).

order to the Superior Court of Fulton County. After Petitioner filed a "motion to dismiss or alternatively submit to the Court of Appeals," the Superior Court of Fulton County entered an order transferring the appeal to the Court of Appeals on August 9, 2024.[2]

1. Caveator argues that the probate court erred in dismissing the caveat without making a "proper examination" of his objection to the petition for year's support pursuant to OCGA § 15-9-47. We find no error.

Under Georgia law, "[t]he surviving spouse and minor children of a testate or intestate decedent are entitled to a year's support in the form of property for their support and maintenance for the period of 12 months from the date of the decedent's death." OCGA § 53-3-1 (c). "The intent is to protect the family survivors from a reduction in their standard of living while the estate is being settled, at least for one year. It is a transitional allowance." *Holland v. Holland*, 267 Ga. App. 251, 255 (599 SE2d 242) (2004) (citation and punctuation omitted). Upon the filing of a petition for

---

[2] Under OCGA §§ 15-9-120 (2) and 15-9-123 (a), a party to a civil case in "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census" shall have the right of appeal to this Court or the Supreme Court. See *Pineda v. Lewis*, 369 Ga. App. 346, 347(893 SE2d 512) (2023).

year's support, the probate court must publish notice of the same in the official county newspaper and serve a copy of the notice on all persons with a legally protected interest in the estate. See OCGA § 53-3-6. If an interested person objects to a petition for year's support, the probate court "shall set apart an amount sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the decedent, taking into consideration" factors such as the income and earning potential of the petitioner, the solvency of the estate, and other relevant criteria. OCGA § 53-3-7 (c). However, "[i]f no objection is made after the publication of the notice, or, if made, is disallowed or withdrawn, the probate court *shall* enter an order setting apart as year's support the property applied for in the petition." OCGA § 53-3-7 (a) (emphasis supplied).

OCGA § 15-9-47 governs default judgments in the probate court. OCGA § 15-9-47 (a) provides that "[i]f in any case pending before the probate court an answer, caveat, or other responsive pleading has not been filed within the time required by law or by lawful order of the court, the case shall automatically become in default unless the time for filing . . . has been extended as provided by law." If the deadline passes without such a response being filed, the petitioner "shall be entitled to verdict and

4

judgment by default, in open court or in chambers, as if every item and paragraph of the petition or other pleadings filed in the matter were supported by proper evidence." OCGA § 15-9-47 (a). The subsection then provides for the opening of default judgments, stating that "[a]t any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to open" if the caveator proves that there was "providential cause preventing the filing of required pleadings or . . . excusable neglect or where the judge, from all the facts, [determines] that a proper case has been made for the default to open[.]" OCGA § 15-9-47 (a). In order for a default to be opened, the statute requires the caveator to make his or her showing "under oath," and provides that the caveator "shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the hearing in the matter." Id. Finally, OCGA § 15-9-47 (b) provides that "[t]he provisions of this Code section *shall* govern in proceedings pertaining to defaults in the probate court, and the provisions of [OCGA § ] 9-11-55 *shall not be applicable to such proceedings.*" (Emphasis supplied).

Here, in accordance with OCGA § 53-11-10 (a), the probate court's amended notice required Caveator to file his objection to the petition for year's support by

January 3, 2023. Caveator did not file an objection prior to this deadline. Thus, the matter automatically was in default pursuant to OCGA § 15-9-47. See *In re Estate of Ehlers*, 289 Ga. App. 14, 16 (656 SE2d 169) (2007). Further, the probate court's order makes a finding of fact that Caveator attended the January 11 status hearing and stated that he did not object to the petition for year's support.

Nonetheless, in his untimely objection filed after entry of the probate court's order granting the petition, Caveator asked to be able to pay court costs and for permission to "submit his objection as timely by January 15, 2023, which is approximately 30 days from the date the same was served via email to his attorney."[3] The objection notes that although Caveator timely received the probate court's order requiring him to submit a response by January 3, he "neglected to send a copy of the Petition for Year's Support to his attorney" and that his counsel did not receive a copy of the petition until December 15.

---

[3] Contrary to Caveator's objection, the applicable due date is not calculated from when Caveator's *attorney* received notice, but instead is calculated from the date that Caveator was "personally served with notice." In this case, Caveator was personally served with notice on December 2, 2022. See OCGA § 53-11-10 (a) ("[e]xcept as otherwise prescribed by law or as shorted by the judge upon good cause shown or directed by the judge pursuant to [OCGA §] 53-11-5 . . . the date on or before which any person is required to file any objection shall not be fewer than 30 days after the date such person is *personally served with notice*") (emphasis supplied).

On appeal, Caveator argues that OCGA § 9-11-55 (a), the statute in the Civil Practice Act granting a defaulting party a 15-day grace period to open a default judgment "as a matter of right by the filing of such defenses . . . [and] payment of costs[,]" applies in probate cases. However, in 2021, the General Assembly amended the Probate Code to include OCGA § 15-9-47 (b), which explicitly provides that the provisions of the Probate Code's default judgment statute, OCGA § 15-9-47, "shall govern in proceedings pertaining to defaults in the probate court, and the provisions of [OCGA §] 9-11-55 shall not be applicable to such proceedings." OCGA § 15-9-47 (b). See also Ga. L. 2020, Act 508, § 2-16, effective January 1, 2021. The cases cited by Caveator in support of his assertion that the 15-day grace period set forth in the Civil Practice Act's default judgment statute, OCGA § 9-11-55, should apply to a probate court default proceeding are thus inapplicable to this case. See *In re Estate of Ehlers*, 289 Ga. App. at 16 (applying former OCGA § 15-9-47); *Greene v. Woodard*, 198 Ga. App. 427, 428 (401 SE2d 617) (1991) (same).

Caveator has not met his burden to open the default judgment under OCGA § 15-9-47 (a) (the probate court has the discretion to open the default only if a defaulting party had paid costs and "under oath, . . . set up a meritorious defense, . . . offer[ed]

to plead instanter and . . . announce[d] ready to proceed with the hearing in the matter"). Caveator's untimely pleading objecting to the petition for year's support failed to make a showing under oath, failed to pay costs, failed to set up a "meritorious defense," and failed to offer to plead instanter and announce himself ready to proceed with the hearing in the matter, as required by OCGA § 15-9-47 (a). Instead, his untimely objection requested that the probate court allow him to pay the costs and to "submit his objection as timely by January 15, 2023." Accordingly, the probate court lacked the discretion to open the default and, as such, it did not err in dismissing Caveator's objection to the petition for year's support as untimely filed.

2. Caveator argues that the probate court abused its discretion in awarding Petitioner the property sought in her petition for year's support. We are unpersuaded.

Because Caveator failed to make a timely objection to the petition, the probate court was *required* to "enter an order setting apart as year's support *the property applied for in the petition.*" OCGA § 53-3-7 (a) (emphasis supplied). Indeed, once the probate court found that "no valid objection had been made to the petition for year's support, it lacked the authority to consider the amount sufficient for year's support or to shift this burden upon" Petitioner to prove the amount to be awarded. *In re Estate of Tommy*

*Lee Sanders*, 375 Ga. App. 164, 166 (914 SE2d 829) (2025) (because the probate court disallowed the caveator's objection, it abused its discretion in awarding less property than the petitioner sought in her petition for year's support). See also *Garren v. Garren*, 316 Ga. App. 646, 649 (3) (730 SE2d 123) (2012) (once superior court determined on appeal that testator's son had not filed valid objection to widow's petition for year's support, widow did not have to prove amount necessary for support). Cf. *In re Sessions*, 367 Ga. App. 426, 427-429 (886 SE2d 382) (2023) (finding no abuse of discretion where probate court awarded a life estate in the marital residence where decedent's adult son from a prior marriage filed a valid objection to the petition). The language of OCGA § 53-3-7 (c) "indicates that the petitioner shoulders this burden of proof only once [a valid] objection has been made." *Garren*, 316 Ga. App. at 649 (3). Accordingly, the trial court did not abuse its discretion in granting Petitioner's petition for year's support in full.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*